UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty.

PRESENT:
    ROBERT A. KATZMANN,
        *Chief Judge,*
    RICHARD C. WESLEY,
    JOSEPH F. BIANCO,
        *Circuit Judges.*

_____

Iryne Witek,

    *Plaintiff-Appellant*,

v.                                                                       19-718

City of New York, New York City Health
and Hospitals Corporation, Maxine
Brown, Woodhull Medical and Mental
Health Center, AKA Woodhull Medical
Center, Angela Beeson, Shirley Lutchman,

    *Defendants-Appellees*.
_____

| | |
|---|---|
| For Plaintiff-Appellant: | IRYNE WITEK, *pro se*, Brooklyn, NY. |
| For Defendants-Appellees: | DEBORAH WASSEL, Assistant Corporation Counsel (Deborah A. Brenner and Nwamaka Ejebe, Assistant Corporation Counsels, *on the brief*), *for* James E. Johnson, Corporation Counsel, New York City Law Department, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Iryne Witek, proceeding *pro se*, appeals from the grant of summary judgment in favor of Woodhull Medical and Mental Health Center ("Woodhull"), the New York City Health and Hospitals Corporation, the City of New York, Maxine Brown, Shirley Lutchman, and Angela Beeson (collectively, "Defendants"). Witek, a Caucasian, Jewish woman of Ukrainian birth and Russian ancestry, asserted discrimination claims based on race, religion, and national origin, along with retaliation and hostile work environment claims under Title VII, 42 U.S.C. § 2000e, and racial discrimination claims under 42 U.S.C. §§ 1981 and 1983. These claims arose from her 2010 suspension, 2011 termination, and other workplace incidents. Witek also challenges the entry of a charging lien on any recovery on these claims in favor of her former counsel. We assume familiarity with the factual and procedural history of the case and the issues on appeal.

We review an award of summary judgment de novo, and will affirm only if the evidence, viewed in the light most favorable to the non-moving party, shows no genuine dispute as to any material fact and entitles the movant to judgment as a matter of law. *Bentley v. AutoZoners, LLC*, 935 F.3d 76, 85 (2d Cir. 2019). "While conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion, we are required to resolve all ambiguities and draw all factual inferences in favor of the nonmovant." *Penn v. N.Y. Methodist Hosp.*, 884 F.3d 416, 423 (2d Cir. 2018).[1] We have "discretion to affirm a district[] court[´s] grant of summary

---

[1] Unless otherwise indicated, in quoting cases, all citations, alterations, footnotes, emphases, and internal quotation marks are omitted.

judgment on any ground appearing in the record." *Deep Woods Holdings, L.L.C. v. Savs. Deposit Ins. Fund of Republic of Turkey*, 745 F.3d 619, 623 (2d Cir. 2014).

Discrimination and retaliation claims arising under Title VII are analyzed using the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Walsh v. N.Y.C. Housing Auth.*, 828 F.3d 70, 74-75 (2d Cir. 2016). First, a plaintiff must establish a *prima facie* case of discrimination by demonstrating that "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015). Once a plaintiff has done so, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the adverse employment action." *Walsh*, 828 F.3d at 75. If the employer carries its burden, the plaintiff can survive summary judgment only if her evidence "show[s] circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination," *id.*, or, in the case of a retaliation claim, that the retaliation "would not have occurred in the absence of the retaliatory motive," *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013).

The district court concluded that Witek failed to adduce sufficient evidence to establish a *prima facie* case of discrimination. We agree. With the exception of her suspension and termination, the incidents on which Witek relies may have caused her understandable frustration and disappointment, but do not rise to the level of "materially adverse change[s] in the terms and conditions of employment," and therefore cannot constitute adverse employment actions. *Vega*, 801 F.3d at 85. Meanwhile, although Witek's suspension and termination certainly constitute "adverse employment actions," Witek failed to adduce any evidence that those events occurred in

3

circumstances that would give rise to an inference of discrimination. Witek testified that Lutchman made negative comments about Witek's English comprehension and referred to Witek as a "Jew" who thinks "she can do what she wants." *Witek v. City of New York*, No. 1:12-CV-981 (CBA) (RLM) (E.D.N.Y. Mar. 12, 2019), ECF No. 178 at 21. A jury could believe that version of events and conclude that Lutchman harbored discriminatory animus towards Witek, but even then, Witek would lack evidence connecting that animus to the decision to suspend or fire her, because Lutchman was not involved in those decisions. And Witek produced no other evidence that would allow a jury to infer that her suspension or termination was motivated, in whole or in part, by discriminatory animus. Therefore, the district court properly granted summary judgment to Defendants on Witek's discrimination claims.

The district court also granted summary judgment to Defendants on Witek's retaliation claims because Defendants had offered a legitimate, nonretaliatory justification for her suspension and termination. Once again, we agree. Witek was suspended and then terminated after disciplinary proceedings conducted by hospital officials with no knowledge of Witek's protected activity. Witek argues on appeal that her later reinstatement shows that the charges giving rise to those disciplinary proceedings were false. But for purposes of analyzing Witek's retaliation claim, the question is not whether the underlying misconduct allegations against Witek were true, the question is whether they (rather than a retaliatory motive) were the reason Witek's employer took adverse action against her. *See Vasquez v. Empress Ambulance Servs., Inc.*, 835 F.3d 267, 275 (2d Cir. 2016) ("As we have long held, when considering the legitimacy of an employer's reason for an employment action, we look to what '*motivated*' the employer rather than to the truth of the allegations against [the] plaintiff on which it relies."). Because Defendants proffered a legitimate, nonretaliatory reason for her suspension and termination (even if it did not ultimately prove to be

4

a *good* reason), and because Witek has not produced evidence that would permit a reasonable jury to conclude that a retaliatory motive was in fact the but-for cause of those actions, the district court properly granted summary judgment to Defendants on the retaliation claim.

Turning to Witek's claims brought under § 1981, we apply the same burden-shifting framework, *see Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010), and conclude that the district court properly granted summary judgment on those claims against the individual defendants for substantially the same reasons as with Witek's Title VII claims. We similarly conclude that Witek has failed to adduce any evidence of an official "policy or custom" sufficient to withstand summary judgment on her claims against the municipal defendants brought under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978). We also agree with the district court's conclusion that the perceived slights and nasty comments Witek experienced were neither "severe" enough by themselves nor "pervasive" enough as a whole to sustain Witek's hostile work environment claim. *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 174-75 (2d Cir. 2012).

Finally, to the extent Witek has challenged the district court's orders relating to an attorney's charging lien on the proceeds of this litigation, the fact that there will be no recovery out of which to satisfy any lien renders such challenges moot. *See Ellis v. Israel*, 12 F.3d 21, 23 (2d Cir. 1993).

We have considered all of Witek's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5